ORIGINAL

JOHN HARRIS PAER     #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

BRUCE H. WAKUZAWA, ESQ.
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 1950
Honolulu, Hawaii  96813
Telephone:  (808) 523-1007
Facsimile:  (808) 522-0530
email: bruce@bwhawaiilaw.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 03 2008

at 11 o'clock and 40 min. A M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALLISON STAJSZCZAK,<br><br>   Plaintiff,<br><br> vs.<br><br>SUNRISE CREDIT SERVICES, INC.,<br><br>   Defendant. | CIVIL NO. CV08-00496 SOM BMK<br><br>COMPLAINT; EXHIBIT "A";<br>SUMMONS |

COMPLAINT

COMES NOW Plaintiff, by and through her undersigned attorney and alleges as follows:

INTRODUCTION

1.  This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. Section 1692, et seq., to recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the

Defendant's violations of that Act. Plaintiff seeks actual and statutory damages arising out of Defendant's misrepresentations and failure to make required disclosures in the collection of an alleged debt.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1692k(d) and 28 U.S.C.A. Section 1337. The supplemental jurisdiction of this Court is invoked over Count II of the Complaint, which arises under Chapters 443B and 480 of the Hawaii Revised Statutes.

### PARTIES

3. Plaintiff is a natural person and is a resident of the State of Hawaii.

4. Defendant is a corporation doing business in the State of Hawaii as a collection agency and debt collector, and is subject to the jurisdiction of this Court.

### FACTS

5. Within the year prior to the filing of this action, Defendant has been attempting on behalf of a third party to collect an alleged debt from Plaintiff, both by mail and by telephone.

6. On or about August 20, 2008, Andy Monaco, an employee of Defendant called Plaintiff and told her that she was in trouble because she defaulted on a loan and she needed to pay it in full immediately.

7. Plaintiff said she did not have the money and Mr. Monaco told her she had to borrow the money from family, friends or co-workers, or that she could put it on her credit card or take out another loan to pay this one off.

8. Mr. Monaco said that if she did not pay it she would be "in trouble, that they would take her to court and her credit would be ruined".

9. Mr. Monaco pressed Plaintiff again to put a payment on her credit card and that he needed a payment by the end of the day.

10. In early September, 2008, Plaintiff received Defendant's first collection letter dated August 28, 2008. A true copy of that letter is attached hereto as Exhibit "A".

11. On September 23, 2008, Plaintiff called Mr. Monaco and spoke with a woman. The woman asked if she wanted to put an attorney on record because they were suing her on her Citibank loans.

12. On October 7, 2008, Natalie of Defendant's office called Plaintiff and stated that Plaintiff owed more than $13,000.00, and asked if she was going to pay it. Plaintiff asked if she could be put on a payment plan, but Natalie said that was not possible, that Plaintiff had to pay it or they would sue her. Natalie said that Plaintiff should take out a personal loan, and said again, if Plaintiff did not pay the loan, they would sue her.

13. The underlying debt was incurred primarily for personal, family, or household purposes.

14. Plaintiff hereby disputes the alleged debt and requests verification of the alleged debt.

## COUNT I

15. Plaintiff realleges and incorporates paragraphs 1 through 14 of this Complaint.

16. Defendant has violated the Fair Debt Collection Practices Act in the following ways:

(a) Defendant has used false, deceptive and misleading misrepresentations in connection with the collection of the above claim in violation of 15 U.S.C. §1692e.

(b) Defendant has used unfair means to attempt to collect the above claim in violation of 15 U.S.C. §1692f.

(c) Defendant has not sent to Plaintiff the proper notices and/or verifications required by the Act in violation of 15 U.S.C. §1692g.

## COUNT II

17. Plaintiff realleges and incorporates paragraphs 1 through 16 of this Complaint.

18. Defendant has violated Chapter 443B and 480 of the Hawaii Revised Statutes as alleged above.

19.  Defendant's violations of the Fair Debt Collection Practices Act and/or H.R.S. Chapter 443B constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

20.  Defendant's contacts, demands and disclosures in connection with the above-described collection were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, and were unfair and deceptive, in violation of H.R.S. Chapter 480.  The acts and representations of Defendant described herein had the capacity of deceive Plaintiff.

21.  Plaintiff has suffered injury to her property in an amount to be proved at trial, by reason of Defendant's violations.

WHEREFORE, Plaintiff prays that the Court:

AS TO COUNT I

1.  Award Plaintiff her actual damages as will be proved.

2.  Award Plaintiff statutory damages of $1000.00.

AS TO COUNT II

3.  Award Plaintiff damages in the amount of three times the injury to her property, but not less than $1000.00.

AS TO ALL COUNTS

4.  Award Plaintiff reasonable attorneys' fees and costs.

5.  Award Plaintiff other appropriate relief.

DATED:  Honolulu, Hawaii, _October 30, 2008_.

_____
JOHN HARRIS PAER
Attorney for Plaintiff